**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BING XIA WANG, | No. 11-73048 |
| Petitioner, | Agency No. A098-452-289 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Bing Xia Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, including inconsistencies between Wang's testimony and household register.  *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (court must uphold adverse credibility determination so long as one identified ground is supported and goes to the heart of the claim).  The agency was not compelled to accept Wang's explanation for the discrepancy.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).  Substantial evidence also supports the BIA's determination that Wang's claim of a well-founded fear of future persecution was undermined by his return travel to China.  *See Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008).  In the absence of credible testimony, Wang's asylum and withholding of removal claims fail.  *See Farah*, 348 F.3d at 1156.

Because Wang's CAT claim is based on the same testimony the BIA found not credible, and Wang does not point to any evidence that compels the conclusion that it is more likely than not he will be tortured if returned to China, his CAT claim also fails.  *See id.* at 1156-57.

Finally, we lack jurisdiction to consider Wang's contention that the IJ violated due process by relying on Wang's failure to provide sufficient corroborating evidence, because he did not raise this contention to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**